FILED
SEP 0 2 2014
U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling Division

**BRANDON PEGG,**

    Plaintiff,

v.

**GRANT HERNBERGER,** individually
and in his capacity as agent and employee
of the West Virginia State Police,

    Defendant.

Civ. Act. No. 5:14-CV-116 (Bailey)
**JURY TRIAL DEMANDED**

## COMPLAINT

NOW COMES the Plaintiff, Brandon Pegg, by and through his undersigned counsel, Robert G. McCoid, Esq., of McCamic, Sacco & McCoid, P.L.L.C., and, pursuant to 42 U.S.C. § 1983, the federal Constitution, and the Constitution and laws of the State of West Virginia, for his cause of action against Defendant, Grant Hernberger, individually and in his capacity as agent and employee of the West Virginia State Police, pleads and avers as follows:

### I. STATEMENT OF JURISDICTION

1). This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. This Court has pendent jurisdiction over all State law claims herein asserted pursuant to *United Mine Workers v. Gibbs*, 388 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

## II. GENERAL RECITALS

2). Plaintiff, Brandon Pegg ("Mr. Pegg"), is now and at all times relevant hereto, was, a citizen and resident of the State of West Virginia.

3). Defendant, Grant Hernberger ("Defendant"), is now, and at all times relevant hereto was, a citizen and resident of the State of West Virginia, and is, or was, employed as a law enforcement officer and trooper by the West Virginia State Police. At all times relevant hereto, Defendant acted both individually and within the scope of his agency as employee, agent, or servant of the West Virginia State Police.

4). On or about August 4, 2013, at approximately 11:30 a.m., Mr. Pegg was lawfully operating his motor vehicle on Big Wheeling Creek Road in Marshall County, West Virginia.

5). Then and there, Defendant and fellow Trooper W. Beck, while on-duty and on road patrol in a marked police cruiser, initiated a traffic stop on the vehicle being operated by Mr. Pegg based upon the fact that the vehicle being operated by Mr. Pegg had an expired inspection sticker, and the traffic stop was effectuated without incident.

6). After initiating the traffic stop, Trooper Beck demanded that Mr. Pegg produce his license, registration, and proof of insurance, and Mr. Pegg complied with his request.

7). Defendant then requested that Defendant's adult passenger produce identification. Mr. Pegg, in turn, questioned Defendant why it was necessary for his passenger to produce identification when the passenger had done nothing wrong.

8). Apparently offended, incensed, and irate over a lowly citizen having the temerity to question the authority of a vaunted West Virginia State Trooper in such an uppity and disrespectful fashion, Defendant directed Mr. Pegg to exit his vehicle.

Defendant is 6', 2" tall and Mr. Pegg is 5', 5" tall. Despite having engaged in no infraction whatsoever save operating a motor vehicle with an expired motor vehicle inspection, Mr. Pegg complied with Defendant's unreasonable and unlawful directive that he exit his vehicle.

9). Defendant thereafter unlawfully battered Mr. Pegg by trying to force Mr. Pegg's hands behind his back without any justification, reasonable suspicion, or probable cause. Defendant then forcibly threw Mr. Pegg to the ground, further battered Mr. Pegg, restrained and detained him against his will, forcibly held Mr. Pegg's hands as Trooper Beck joined Defendant in battering Mr. Pegg, and handcuffed him.

10). Defendant thereafter arrested Mr. Pegg for the offense of "obstructing an officer," an old Marshall County classic. As well, Mr. Pegg was arrested for "assault on a police officer," although even the magistrate who subsequently arraigned Mr. Pegg concluded that there existed no probable cause for concluding that such an offense occurred and declined to ratify Defendant's arrest of Mr. Pegg for that offense by approving the issuance of a warrant for the same.

11). Following Mr. Pegg's arrest, Mr. Pegg was subjected by Defendant to a gratuitous lecture over the necessity of citizens being blindly obedient and compliant to the commands of law enforcement officers. Mr. Pegg was then placed in Defendant's cruiser.

12). At no time during any of the events alleged herein had Mr. Pegg engaged in any unlawful conduct or committed any offense for which he could have been subjected to an arrest, warrantless or otherwise.

13). Defendant's use of force on Mr. Pegg was excessive, unlawful, unjustified, and unreasonable in relation to the lawful actions of Mr. Pegg.

14). Mr. Pegg was thereafter imprisoned and held against his will. He eventually posted bond and was released.

15). The "obstructing an officer" criminal charge was lodged against Mr. Pegg in Marshall County Magistrate Court in *State of West Virginia v. Brandon Travis Pegg*, Case No. 13-M-980. Mr. Pegg thereafter retained criminal trial counsel to defend against the charge.

16). On August 20, 2013, Mr. Pegg and his counsel appeared in Marshall County Magistrate Court pursuant to a notice issued by that court. On the same date, the Marshall County Prosecuting Attorney, evidently perceiving the gross injustice associated with Mr. Pegg's arrest, moved the magistrate court to dismiss the case, and a dismissal order with prejudice was entered on August 20, 2013.

17). Plaintiff incurred costs and expenses in the form of counsel fees and other costs associated with defending against the specious allegation raised against him.

18). At all times as aforesaid, Defendant was without lawful justification, authority, or excuse to arrest Mr. Pegg, and, despite knowing so, unlawfully arrested Mr. Pegg in the absence of process or probable cause.

19). Defendant effectuated the warrantless arrest of Plaintiff in the absence of probable cause and in derogation of U.S. CONST. AMDS. IV and XIV and W. VA. CONST. ART. III, § 6. Moreover, the conduct of Defendant in compelling Mr. Pegg to exit his vehicle, placing his hand upon Mr. Pegg in the absence of reasonable suspicion, hurling Mr. Pegg to the ground, and thereafter battering Mr. Pegg and in causing others to assist in battering Mr. Pegg and placing Mr. Pegg into custody, and otherwise employing excessive force in effectuating Mr. Pegg's arrest violated Mr. Pegg's rights secured under U.S. CONST. AMDS. IV and XIV and W. VA. CONST. ART. III, § 6.

20). The conduct of Mr. Pegg at all time relevant hereto was both lawful and protected.

### III. 42 U.S.C. § 1983 – UNLAWFUL ARREST

21). Mr. Pegg repleads *in haec verba* the allegations contained within §§ 1-20 as if the same were set forth fully herein.

22). In negligently, wantonly, recklessly, unlawfully, intentionally and/or maliciously battering and arresting Mr. Pegg, and by arresting Mr. Pegg and/or procuring his arrest without justification or probable cause and in retaliation for his free exercise of speech and thereafter causing his detention and imprisonment as aforesaid in derogation of Mr. Pegg's right to be free from unreasonable searches and seizures as guaranteed by U.S. CONST. AMD. 4, Defendant, while acting under color of the laws of the State of West Virginia and otherwise, deprived Mr. Pegg of his civil rights, including his rights secured and guaranteed to him under U.S. CONST. AMDS. I, IV, and XIV and W. VA. CONST. ART. III, § 6, all within the meaning of 42 U.S.C. § 1983 and otherwise.

23). In acting as aforesaid, Defendant, individually and as agent for the State of West Virginia, proximately caused Mr. Pegg to sustain, and continue to sustain, losses and damages, including physical harm, extreme fear, torment and suffering of his body and mind, embarrassment, loss of enjoyment of life, humiliation, aggravation and inconvenience, unlawful deprivation of his civil rights under color of state law, and other losses and damages, including, but not limited to, damage to his reputation. Additionally, Mr. Pegg sustained pecuniary losses and damages in the form of lawyer fees and associated costs relative to defending the criminal charges against him.

## IV. 42 U.S.C. § 1983 – EXCESSIVE FORCE

24). Mr. Pegg repleads *in haec verba* the allegations contained within §§ 1-23 as if the same were set forth fully herein.

25). In negligently, wantonly, recklessly, unlawfully, intentionally and/or maliciously battering and arresting Mr. Pegg in retaliation for his exercise of protected speech and otherwise and irrespective of the legality of his arrest, Defendant, in derogation of Mr. Pegg's right to be free from unreasonable searches and seizures as guaranteed by U.S. CONST. AMD. IV, while acting under color of the laws of the State of West Virginia and otherwise, used excessive and unnecessarily brutal force on the person of Mr. Pegg, thereby depriving Mr. Pegg of his civil rights, including his rights secured and guaranteed to him under U.S. CONST. AMDS. I, IV, and XIV and W. VA. CONST. ART. III, § 6, within the meaning of 42 U.S.C. § 1983 and otherwise.

26). In acting as aforesaid, Defendant proximately caused Mr. Pegg to sustain, and continue to sustain, losses and damages, including physical harm, extreme fear, torment and suffering of his body and mind, embarrassment, loss of enjoyment of life, humiliation, aggravation and inconvenience, unlawful deprivation of his civil rights under color of state law, and other losses and damages, including, but not limited to, damage to his reputation.  Additionally, Mr. Pegg sustained pecuniary losses and damages in the form of lawyer fees and associated costs relative to defending the criminal charges against him.

## V. TORT OF OUTRAGE/ INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27). Mr. Pegg repleads *in haec verba* the allegations contained within ¶¶ 1-26 as if the same were set forth fully herein.

28). Defendant bullied Mr. Pegg and acted toward Mr. Pegg in a manner which was atrocious, utterly intolerable in a civilized community, and so extreme and outrageous as to exceed all possible bounds of decency and with intent to inflict emotional distress on Mr. Pegg, or, alternatively, Defendant acted recklessly in such manner, when it was certain or substantially certain that such distress to Mr. Pegg would result from Defendant's conduct, thereby proximately causing Mr. Pegg to suffer emotional distress which was so severe that no reasonable person could be expected to endure it.

29). As a direct and proximate cause of the acts and omissions of Defendant, as aforesaid, Mr. Pegg sustained and continues to sustain damages, including physical harm, extreme fear, torment and suffering of his body and mind, embarrassment, loss of enjoyment of life, humiliation, aggravation and inconvenience, unlawful deprivation of his civil rights under color of state law, and other losses and damages, including, but not limited to, damage to his reputation.

## VI. BATTERY

30). Mr. Pegg repleads *in haec verba* the allegations contained within ¶¶ 1-29 as if the same were set forth fully herein.

31). Defendant, in acting as aforesaid, battered Mr. Pegg, and thereby proximately caused Mr. Pegg to sustain damages and losses, including, but not limited

to, physical harm, extreme fear, torment and suffering of his body and mind, embarrassment, humiliation, aggravation and inconvenience, and other losses and damages.

32). As a direct and proximate cause of the acts and omissions of Defendant, as aforesaid, Mr. Pegg sustained and continues to sustain damages, including damage to his reputation, severe emotional trauma, physical pain, counsel fees, emotional pain and suffering, embarrassment, humiliation, loss of enjoyment of life, aggravation and inconvenience, and other losses and damages.

## VII. FALSE IMPRISONMENT

33). Mr. Pegg repleads *in haec verba* the allegations contained within ¶¶ 1-32 as if the same were set forth fully herein.

34). Defendant, in intending to hold, restrain, and imprison Mr. Pegg as aforesaid in the absence of lawful process and against Mr. Pegg's will, and in succeeding in doing so, proximately caused Mr. Pegg to sustain losses and damages, including extreme fear, torment and suffering of his body and mind, embarrassment, humiliation, aggravation and inconvenience, and other losses and damages, including, but not limited to, pecuniary losses and damages in the form of counsel fees and other expenses associated with defending against the specious criminal charges lodged against Mr. Pegg.

WHEREFORE, your Plaintiff, Brandon Pegg, prays for judgment against Defendant, Grant Hernberger, for his special and general injuries, losses and damages as aforesaid, exemplary damages, attorney fees as authorized by common law and 42 U.S.C. § 1988, the costs of this action and for such other legal and equitable relief to which he may be entitled. **Plaintiff demands a trial by jury**.

**BRANDON PEGG**,
Plaintiff.

By:_____
Of Counsel



Robert G. McCoid, Esq.
West Virginia State Bar I.D. No. 6714
**McCAMIC, SACCO
 & McCOID, P.L.L.C.**
56-58 Fourteenth Street
Post Office Box 151
Wheeling, WV 26003
(304) 232-6750
(304) 232-3548 (telefacsimile)
rmccoid@mspmlaw.com

Paul J. Harris, Esq.
West Virginia State Bar I.D. No. 4673
**HARRIS LAW OFFICES**
15th & Eoff Streets
Wheeling, WV 26003
(304) 232-5300
(304) 232-5301 (telefax)
pjh7294@gmail.com